UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALLACE BURKS,

    Plaintiff,

v.                                            Case No. 07-C-495

RICK RAEMISCH, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Burks, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Jackson Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. He has also sought relief from my order assessing a $1.06 filing fee, stating that he lacks sufficient funds to initiate this lawsuit. 28 U.S.C. § 1915(b)(4). The relief plaintiff seeks will be denied as moot, however, because the initial fee has been paid. But because I conclude the plaintiff is indigent, he may proceed without prepayment of the entire fee.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff alleges he suffered from a serious eye condition that went largely untreated while he was incarcerated. Although plaintiff has alleged that he was denied a right protected by the Constitution, he does not allege the requisite personal involvement of any of the defendants. Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint).

Here, the plaintiff has failed to put the defendants on notice of the claims he has lodged against them. The burden on a plaintiff in stating a claim under the Federal Rules of Civil Procedure is light. A plaintiff need not plead legal theories nor allege all the facts necessary to establish the essential elements of a legal theory. *Swierkiewicz,* 534 U.S. at 512-15; *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Albeiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir. 1997). Rather, the plaintiff needs only to provide a short, plain statement of his grievance. Fed.

3

R. Civ. P. 8(a)(2); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The complaint is sufficient so long as it puts the defendant on notice of the claims and the grounds they rest upon, along with "some indication...of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004).

Most clearly, there is no indication that defendant Rick Raemisch had anything to do with plaintiff's medical treatment (he is deputy secretary of the Department of Corrections). The doctrine of *respondeat superior* does not apply, meaning that the supervisor will not be held accountable for the actions of those underneath him unless the supervisor's own acts are implicated. In other words, liability under § 1983 must be based on the defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Similarly, there is little indication in the complaint about the personal involvement of any of the other defendants. Essentially, the complaint states that the plaintiff's eye was injured, but it does not indicate how or when any of the named defendants (several of whom may have simply been complaint examiners) were involved. Accordingly, because the complaint fails to set forth a cognizable claim with any specificity, it will be dismissed without prejudice. The plaintiff may file an amended complaint indicating which defendants were involved in his eye injury on or before July 27, 2007.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**, and the plaintiff's motion for reconsideration of the order that he pay an initial partial filing fee is **DENIED** as moot.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.94 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to

4

twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. The plaintiff may file an amended complaint on or before July 27, 2007.

Dated this   25th   day of June, 2007.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge

5

Case 1:07-cv-00495-WCG   Filed 06/26/07   Page 5 of 5   Document 5