UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALLACE BURKS,

    Plaintiff,

v.                                                    Case No. 07-C-495

RICK RAEMISCH, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Burks, whose first complaint was dismissed under 28 U.S.C. § 1915, filed an amended complaint. The original complaint was dismissed for its failure to apprise any of the defendants as to how they were alleged to be involved in the plaintiff's injuries. Although the amended complaint now provides sufficient detail about Burks' claims, I conclude the complaint must be dismissed for failure to state a claim.

In a series of inmate complaints, Burks complained that he was not receiving treatment for an unspecified injury to his left eye. He had received some treatment or diagnosis at St. Luke's Hospital in Milwaukee, but, once incarcerated at the Milwaukee Secure Detention Facility, he alleges that he failed to receive the treatment he believed was necessary. As a result of plaintiff's January 1, 2007 offender complaint, an institution complaint examiner (ICE) named Kelly Salinas reviewed his file on January 4 and concluded that Burks had in fact not received the optometry exam that a physician had previously ordered.[1] Salinas recommended that this be remedied and ordered that her

---

[1] Burks attached the administrative record to his original complaint. The record also shows that as of December 30, 2006, he was on a list of inmates scheduled for an opthamology exam.

report be circulated within HSU in order to "ensure that the medically ordered treatment is followed up upon." On January 11 the report was affirmed by the complaint reviewer, with the notation that an appointment was to be scheduled for Burks to have an optometry visit. On January 19, Rick Raemish adopted the recommendation of the corrections complaint examiner, which was that the complaint be dismissed in light of the fact that the complaint had been received and decided by the BHS Regional Nursing Coordinator. Ultimately, given that the file suggested that an eye exam had been ordered as of January 4 or 11, it seems the complaint reviewers believed that Burks had essentially received what he asked for, i.e., medical treatment.

In his amended complaint, Burks sues each of the individuals who reviewed his complaints. In setting forth his claims, he alleges that the defendants either wrongfully rejected his complaints or failed to investigate them thoroughly and follow-up on Burks' treatment. Thus, most of the complaint is directed towards what the defendants did *not* do: by and large, Burks simply alleges that those who reviewed his complaints failed to ensure that he received adequate medical treatment.

Deliberate indifference requires that a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that he actually draw the inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). It is difficult, though possible, for a complaint examiner to be liable for deliberate indifference to an inmate's medical treatment. *See, e.g., Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005) (noting that "it would be a different matter if Miller had ignored Greeno's complaints entirely, but we can see no deliberate indifference given that he investigated the complaints and referred them to the medical providers who could be expected to address Greeno's concerns."); *see also Reimann v. Frank,* 397 F.Supp.2d 1059, 1073 (W.D. Wis. 2005). Unfortunately for Burks, the record provided with Burks' original complaint

2

demonstrates that several of the individuals who reviewed his complaints were not deliberately indifferent because they were entitled to rely on the fact that an eye consult had been ordered in January. That is, the record shows that an eye exam was ordered as a result of his January 2007 complaint, meaning that when the various reviewers ultimately dismissed his claim they believed that the matter was being addressed by medical staff. As the court noted in *Greeno,* "[w]e do not think [the examiner's] failure to take further action once he had referred the matter to the medical providers can be viewed as deliberate indifference." *Id.* Because the record shows that the defendants involved in reviewing the plaintiff's January 2007 had either ordered medical review or believed an exam was in the works, they cannot be found deliberately indifferent to the plaintiff's eye condition. In short, there is no indication that any of the reviewers simply ignored Burks' complaints.

Plaintiff also claims that an earlier complaint, filed November 8, 2006, was "carelessly rejected" by defendants Salinas and Husz. Although Salinas' rejection appears in the record, Burks' original November 9 offender complaint does not. In any event, Salinas rejected the complaint on the basis that it was untimely: her complaint summary states that "inmate complained on 11/8/06 about medical issues from 9/12/05" and the decision rejects the complaint on the basis that it was not filed within 14 calendar days after the occurrence giving rise to the complaint. Apparently Husz affirmed the dismissal, but that is not in the record either. Regardless, it seems clear that an untimely inmate complaint cannot give rise to deliberate indifference because the lateness of the complaint – absent extraordinary circumstances – undermines the notion that the plaintiff's condition was so dire that the defendant complaint examiner assumes a duty to take further action despite the complaint's procedural flaws. The claim is especially undermined when the record shows that the same

3

defendant – Salinas – took action soon after and ordered Burks to have a medical exam. In short, absent some sort of unusual circumstance not at issue here, an inmate's claim that is rejected for procedural reasons – even if alleged to have been "carelessly rejected" – does not give rise to a claim for deliberate indifference.

Finally, the plaintiff brings claims against defendants Farmer-Johnson and Gaither. Although again vague, the complaint suggests that these two individuals – both alleged to be medical review examiners at the Department of Corrections in Madison – became aware of the plaintiff's medical condition in January 2007 as a result of Salinas' decision directing that Burks be scheduled for an eye exam. Burks appears to allege that Farmer-Johnson and Gaither did not follow-up to ensure that the eye care that was ordered was actually carried out. Yet these two defendants are alleged to be medical review examiners in Madison – their only involvement seems to be that they were copied via email on the January 11 affirmance of Salinas' decision recommending that Burks be scheduled for an optometry or opthamology visit. There is, in short, nothing in the complaint that would allow one to infer that these two remote complaint examiners had the requisite mental state to support a claim of deliberate indifference. At worst, assuming they had some sort of duty to schedule Burks for an eye appointment, they dropped the ball. But there is no indication that either of them had any knowledge about Burks' condition, much less that it posed a substantial risk of serious harm.

Accordingly, because the amended complaint fails to state a claim against any defendant for which relief may be granted, it is **DISMISSED**.

**SO ORDERED** this 14th day of August, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

4