UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALLACE BURKS,

        Plaintiff,

v.                                                                                                 Case No. 07-C-495

A. SHAKOOR,

        Defendant.

## ORDER

        On June 8, 2009, this Court entered a scheduling order requiring that discovery in the case be completed by September 7, 2009, with dispositive motions due on October 6, 2009. On June 30, 2009, the Court granted the defendant's motion to compel plaintiff to sign a medical authorization form so his records could be reviewed and the defendant could prepare a proper response. Plaintiff responded to the motion with a motion to appoint counsel, which was denied. A motion to dismiss for failure to prosecute was filed on July 24, 2009, based on plaintiff's continued failure to sign the release. Plaintiff again responded with a motion to appoint counsel. The Court, by order of August 24, 2009, again denied plaintiff's motion for appointment of counsel and instructed him to sign the medical authorization within 14 days of the order or risk dismissal of his lawsuit. Plaintiff has failed to sign the medical authorization and instead, on September 18, 2009, filed a further motion for appointment of counsel and a request for an extension of time. The defendant, by counsel, has renewed its motion to dismiss for failure to prosecute indicating in an affidavit that plaintiff has still

not signed the release and the discovery cut-off date has already passed. Unless a modification of the order is provided, counsel will be unable to adequately represent his client.

Based upon the foregoing, the defendant's motion is granted. Plaintiff has shown a disregard of the orders of this Court and has simply continued to renew his previously denied motion for appointment of counsel. Defendant, in a case of this kind, cannot conduct meaningful discovery or respond to the allegations plaintiff has made without an opportunity to review his medical records. By willfully refusing to provide authorization for such review, plaintiff has needlessly delayed this matter, added to the expense counsel for the defendant must incur in responding to his lawsuit, and delayed these proceedings beyond what is reasonable. Accordingly, the motion for dismissal is hereby **GRANTED**. This matter is dismissed on its merits.

Dated this   23rd   day of September, 2009.

                            s/ William C. Griesbach
                            William C. Griesbach
                            United States District Judge